Reynolds, J.
Appeal by the claimant from a decision of the Workmen’s Compensation Board disallowing her claim on the ground that there is no substantial evidence to support the board’s finding that the death of the deceased employee, Thomas Aiello, was not causally related to his employment. The instant record contains no more than the usual conflict of medical opinion as to whether the decedent’s death from a coronary thrombosis with myocardial infarction was, in fact, causally related to his employment activities. Claimant produced two medical experts who testified that death was causally related and the employer countered with an expert who firmly opined .that no causal relationship existed. The case was also referred to Dr. Filippone, an impartial specialist, who testified that decedent had an underlying arterio-selerotic condition and that there was no causal relationship between decedent’s death and his work activities. We find advanced no compelling reasons why the board could not properly consider all of the medical evidence proffered, nor why in the exercise of its fact-finding power it could not accept the position of the medical witnesses who testified that no causal relationship existed; and, accordingly, the board’s decision must foe affirmed (Workmen’s Compensation Law, § 23; e. g., Matter of Palermo v. Galhied & Sons, 5 N Y 2d 529). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Reynolds, J.